843 P.2d 1274

**In the Matter of a Member of the State Bar of Arizona, Marc OFFENHARTZ, Respondent.**

**No. SB–92–0067–D.**
**Comm. No. 91–0373.**

Supreme Court of Arizona
Before the Disciplinary Commission.

Dec. 14, 1992.

---

Yigael M. Cohen, Phoenix, State Bar Counsel, Harriet L. Turney, Chief Bar Counsel, for the State Bar of Arizona.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

 IT IS ORDERED, ADJUDGED AND DECREED that MARC OFFEN-HARTZ, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against MARC OF-

**1.** Commissioner Bossé did not participate in

FENHARTZ for costs incurred by the State Bar of Arizona in the amount of $304.30, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION

### OF THE

### SUPREME COURT OF ARIZONA

Comm. No. 91–0373

SB–92–0067–D

In the Matter of Marc Offenhartz,
a Member of the State Bar of
Arizona, Respondent.

DISCIPLINARY COMMISSION REPORT

Filed Nov. 6, 1992.

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on September 12, 1992, for review of the record on appeal pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission reviewed the hearing committee's recommendation of acceptance of the agreement for discipline by consent providing for censure.

### Decision

After review of the record on appeal, the Commission, by a unanimous vote of eight aye,[1] adopts the committee's recommendation that the agreement for discipline providing for censure be accepted, and so orders. The Commission also unanimously adopts as its findings of fact and conclusions of law the tender of admissions set forth in the agreement for discipline by consent.

### Facts

The complaint contains two counts (a third count alleges prior discipline) against

these proceedings.

Respondent. Count One concerns Respondent's defense of a client against child molestation charges. The jury trial resulted in the client's conviction and a sentence of twelve years in prison. The client subsequently filed a petition for post-conviction relief alleging ineffective assistance of counsel. That petition was granted by the Maricopa County Superior Court, who stated that Respondent's ineffectiveness of representation "was so pervasive during the course of trial that a different result may well have been achieved if [the client] had not been represented by ineffective counsel."

Respondent admits that, during the trial, he failed to move *in limine* or raise any objections to the State's introduction of testimony of the client's psychologist; that the doctor's testimony was in violation of A.R.S. § 32-2085; that he failed to object when the prosecution called an investigator to testify for the defense; and that he failed to object when the investigator was repeatedly questioned by the prosecutor about the strategy used by defense counsel in defending the client.

Although the complaint alleges additional misconduct in Respondent's representation of this client, Respondent and the State Bar, in the agreement for discipline, have agreed this additional conduct did not violate any ethical rules.

Respondent and the State Bar agree that Respondent's admitted conduct in Count One violated ER 1.1 and ER 1.3.

The State Bar agrees to dismiss Count Two, as set forth in the agreement for discipline by consent.

### Discussion of Decision

■ Respondent's mishandling of the defense of his client, particularly in light of the seriousness of the charge, was a violation of ER 1.1, which states, in part, "A lawyer shall provide competent representation to a client," and ER 1.3, which states,

"A lawyer shall act with reasonable diligence and promptness in representing a client." Respondent failed in both these aspects in defending his client.

■ In determining the appropriate sanction, the Court looks for guidance in the American Bar Association's *Standards for Imposing Lawyer Sanctions. In re Tarletz*, 163 Ariz. 548, 789 P.2d 1049 (1990). The Commission uses that guideline, as well.

Standard 4.4 addresses lack of diligence. Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Standard 4.53, concerning lack of competence, provides for censure when a lawyer demonstrates failure to understand relevant legal doctrines or procedures or is negligent in determining whether he is competent to handle a legal matter, and causes injury or potential injury to a client. Although the client's petition for post-conviction relief was ultimately granted, Respondent's conduct was potentially injurious to his client, as evidenced by the initial twelve-year prison sentence.

Both Standards provide for suspension when the lawyer's conduct is knowing rather than negligent. The Commission believes Respondent's actions were the result of negligence. In reaching this conclusion, the Commission notes that, shortly after representation of this client concluded, Respondent decided to leave private practice, and is now a city attorney. The Commission believes this matter is what caused Respondent to acknowledge that he was not competently handling this type of case.

Standards 9.22 and 9.32 list factors to be considered in aggravation and mitigation, respectively. Although the Commission recognizes the presence of one aggravating factor, that Respondent has previously been informally reprimanded, the mitigating factors more than balance the scales. Respondent had no dishonest or selfish motive; he exhibited a cooperative attitude

toward the disciplinary proceedings, as exhibited by his timely answer and the consent to discipline; and Respondent voluntarily chose to leave private practice to avoid this type of situation again.

The Commission, therefore, believes the proposed sanction will serve the purpose of lawyer discipline, which is to protect the public, the profession, and the administration of justice. *In re Pappas*, 159 Ariz. 516, 768 P.2d 1161 (1988). The Commission agrees with Respondent, the State Bar, and the committee that censure is appropriate in this instance, and orders that Respondent be publicly censured.

/s/ Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission